IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2033-BO

| | | |
|---|---|---|
| JAMES ALLEN HILL, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL BELL, | ) | |
|     Respondent. | ) | |

James Allen Hill, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Michael Bell ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner responded, and the matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. He attacks his July 17, 1996, jury trial conviction. Petitioner was found guilty of first-degree murder. Petitioner was sentenced to a term of life without the possibility of parole. S.S. Popkin represented petitioner at trial.

On appeal petitioner was represented by Ms. Nora Henry Hargrove. Through Hargrove, petitioner appealed to the North Carolina Court of Appeals, and in an unanimous, unpublished opinion filed September 16, 1997, that court found no error in judgment. State v. Hill, No. 97-1, slip op. (N.C. Ct. App. Sept. 16, 1997) ( Mem. in Supp., unpublished op. at Ex. 1). Petitioner, through counsel, next filed a notice of appeal and petition for discretionary review in the Supreme Court of North Carolina, which were dismissed and denied respectively by that court on December 4, 1997. State v. Hill, 347 N.C. 406, 496 S.E.2d 388 (Dec. 4, 1997) (Id., unpublished order., Ex. 2).

Petitioner filed a pro se "Motion to Suppress" to the North Carolina Superior Court, on or about August 25, 1998, which was denied on September 8, 1998. (Id., "Motion to Suppress" at Ex. 3; Order denying "Motion to Suppress" at Ex. 4)

On or about August 25, 1998, petitioner submitted a pro se motion for appropriate relief (first pro se MAR) to the North Carolina Superior Court which was denied on July 2, 2004. (Id., 1st pro se MAR Ex. 5 - Ex. 8) On or about September 1, 2009, petitioner submitted another pro se MAR (second pro se MAR) to the Superior Court which was denied by on January 5, 2010. (Id., 2d pro se MAR at Ex. 9 - Ex. 12) On January 11, 2010, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals. (Id., Ex. 13 - Ex. 14) On January 15, 2010, the North Carolina Court of Appeals denied certiorari review. (Id., Ex. 15) Petitioner signed his pro se § 2254 petition on January 20, 2010, it appears to have been mailed on March 2, 2010, and filed on March 4, 2010.

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

2

claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Therefore, petitioner's conviction became final on direct review ninety days after the December 4, 1997, order of the Supreme Court of North Carolina denying discretionary review and dismissing his notice of appeal. See Sup. Ct. R. 13.1; Clay v. United States, 537 U.S. 522, 527 (2003). This makes the start date for the statute of limitations March 4, 1998. The statute of limitations then ran until petitioner submitted his first pro se MAR which was on August 25, 1998. This tolled the running of the statute until July 2, 2004, when the North Carolina Superior Court denied the MAR. Petitioner filed nothing else regarding this MAR and the statute again began to run. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999); Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001) (the "gap" period between the denial of a MAR and filing of a certiorari petition to the correct appellate court tolls the period from running under § 2244(d)(2)); McConnell v. Beck, 427 F. Supp. 2d 578 (M.D.N.C. 2006) (§ 2254 petition time barred where petitioner did not file a state court certiorari petition seeking review of the denial of his first MAR but filed a second MAR).

During the time the statute begin to run again and fully expired, no post-conviction filings were made. In fact, none were made for the next five years and two months until September 1, 2009. Petitions filed after the expiration of the one-year AEDPA limitations period "cannot revive a period of limitation that has already run." Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)). Therefore, the petition is time-barred. Neither the September 1, 2009, MAR nor any of the subsequent filings could toll the matter because the one-year period had expired prior to these filings.

Furthermore, AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)). Petitioner's arguments, if construed as one for equitable tolling, do not illustrate any extraordinary circumstances which prevented him from timely filing. The motion to dismiss is allowed and the case is dismissed.

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is

adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED

Accordingly, Respondent's Motion to Dismiss the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED.

SO ORDERED, this 21 day of June 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE